Good morning, Your Honors. I am Peter Nordberg. I'm one of the counsel for plaintiffs in these appeals. I will be talking today about the statutory issues primarily. My colleague, Sarah Weaver, will be talking about the constitutional issues presented in these appeals. There are, of course, two appeals. Plaintiffs are appellants with respect to a ruling by the district court dismissing plaintiffs' claims against defendants, Glock and the RSR entities. Plaintiffs think of themselves anyway, at least, as appellees with respect to the district court's ruling refusing to dismiss plaintiffs' claims against Charney North. Appeals have been consolidated with Charney North appeals. That's under Section 1292B. The court entered final judgment on the Glock dismissal under Rule 54. I know the court is familiar with the case, and I'll be brisk in summarizing the facts in its history. It was about nine years ago this month that a neo-Nazi named Gertrude Furrow conducted what became a notorious series of hate crimes in the Los Angeles area, shooting a number of children at a summer camp at the Jewish Community Center in Granada Hills, and shooting and killing Joseph O'Leary, a postal worker on his ranch. Plaintiffs are some of the victims of those shootings. They brought suit in the Superior Court in Los Angeles County, alleging that defendants were engaged in a program of marketing and selling their products, the firearms used by Furrow in the shootings, in a manner that was not permitted in the secondary market by criminals and youth. The case was removed to the Central District, where Judge Collins... We really do know what the case is about, and you're taking up a lot of your time. I'm sorry? We really do know what the case is about, and you're taking up a lot of your time. Very well, you've raised a valid point, Your Honor. So, as the court knows... May I ask you a question that is most central to my own thinking on this, and that is concerning situational intent. It seems to me, at least, speaking only for myself, that it's relatively clear that Congress had in mind this exact lawsuit when it enacted the statute, precluding most such suits from going forward against the manufacturers of firearms. And, in fact, I think they've even named this suit in the legislative history as being one of the sort that they wish to have dismissed. How did you get around that pretty clear legislative intent? Well, Your Honor, I would not call that the legislative intent. I would call that the floor remarks of Senator Craig. And, of course, the floor remarks of individual legislators and controversial legislation are designed for a number of purposes to persuade other legislators and so forth. But what Congress votes on, in the end, is the bill and the text of the bill, not the floor remarks of Senator Craig or anybody else. And the text of the bill is crystal clear in this case. We don't think there's an ambiguity in it. For the predicate itself... You know, the briefing has focused greatly on the word, and has not focused much on the term violation or violence. And it seems to me when you read those key guests, there's at least an ambiguity as to whether something has to be a specific regulation that has been violated pertaining to firearms and not just the sort of vague language that might apply generally. So, if there's an ambiguity, what does that mean? Well, Your Honor, the language in the statute is applicable state or federal statute, applicable to the sale or marketing of firearms. Well, that's not all of it. You left out a violation in the statute. And so, normally, a standard of behavior like a less than duty isn't something you violate. And, in fact, in the complaint, at least in paragraph 131, you've conceded that there's no specific statute that has proscribed the conduct that's involved here. And so, I guess, that's a little difficult in a way to say that. I guess I would also focus, Your Honor, as people arguing about this and ruling on it and have not always done, on the phrase state or federal statute. Obviously, there was a debate in Congress about the scope of this jurisdiction-stripping provision when it was debated. And, obviously, the text of the legislation doesn't say a simple approach. This isn't really a jurisdiction-stripping provision, because it's really a preemption provision, right? Well, I guess you could think of it that way. What it does call on the courts to do is dismiss any pending claim or future claim left by the statute unless it's... Well, but if something's not the law, then you dismiss it. So, I mean, that's not... And the immediate dismissal part's really not functional, because, obviously, everybody agrees that you have a right to argue about whether it is or isn't within the statute. So, it really doesn't do anything different than would ordinarily be done under 12b-6. Well, I think I take your point, Your Honor. I'm not trying to emphasize that aspect of it. I guess what I'm saying is that Congress could have drafted extremely broad immunity language that simply said, no plaintiff shall bring a case against the firearms manufacturer for the unlawful use of firearms by a third party. I have two sets of questions around the claim works. I just want to get an answer to Judge Graber's question about violates. Violating, breaking, or engaging in an act which constitutes a tort, whether in common law or in a statute, is that violating the statute? Well, I think it would be idiomatic to say, Your Honor, that the conduct was in violation of Section 1417 and the imposing of duty of care on the part to use the statute. But if there's a contract provision in the statute, we have almost everything in our statute. And we have contract provisions in our statute. So, a breach of contract, is that violating the law also? I wish we could have... I don't know, Your Honor. I'm not familiar with a contract statute. I haven't thought about that. I wish we had a contract. Is there a difference between not complying with the statute, ordinarily a civil statute, and violating the statute? I think that if Congress had intended... That's what Judge Graber was asking. It's the word violate. I don't think you can limit that to criminal violations, Your Honor. No, it's not that. It's that these particular statutes are not worded as statements of prescriptions. They're worded, really, as statements of liability. Everyone is responsible, such and such and such and such. She doesn't say everyone is supposed to do something. And this one says anything which is injurious to health is a public nuisance, and a public nuisance is one which such and such. But they're not really stated in terms of duties. Well, Section 1714 does prescribe a duty, and if you look at the history of public nuisance, it began, Your Honor, as an offense against the Crown and common law. Can I ask my two questions, which are sort of run off in different directions? One thing that strikes me about what hasn't been said about the statute very much is the application of the exception is that you have to do something knowingly. And it seems to me that Congress's concern was largely with vicarious liability and negligence and recklessness and so on, but that knowingly is a great limitation on the scope of this exception. So, but my problem is, how are these, I understand that the statute, that your complaint alleges knowingly, but there seems to be some disconnect between a knowingly allegation and a negligence or nuisance cause of action. Well, Your Honor, there are standards under these decisions. They have been in the books for a long time, and I think that, you know, it's common in federal statutes that when there's some requirement of a knowing violation of the knowledge of the conduct, not that there'd be a specific intent to violate a particular provision of the U.S. Code or the California Civil Code. But that means, I mean, doesn't that necessarily mean something more than negligence? I mean, I guess it's helpful to you in general, because it seems to me that it means that most of what's being said about why the, your construction of the statute would eat up the statute isn't true, because it only applies to things that are done knowingly. But I'm still trying to understand how knowingly applies to your cause of action. Well, it's alleged, for example, in the complaint, and I take it, Your Honor, as maybe I'm not understanding the question. It's alleged in the complaint, for example, in the paragraph 31 of the complaint at ER 173, the defendants weren't engaged in conduct that knowingly facilitated the unlawful purchases in the secondary market. But how would that be necessary to prove the cause of action, which is for negligence? Well, we have to prove under public nuisance. We can prove liability either through negligence or through knowing misconduct. I'm sorry, I'm not hearing you. The public nuisance count, we must prove either negligence or knowing misconduct. Right. So you allege knowingly, but you ultimately are not going to have to prove knowingly in order to make out your cause of action, because you can prove it out. As a matter of state law, you can prove it by negligence. I agree with you as a matter of state law, Your Honor. If anything hinges on, if anything about the PLCAA hinges on that distinction, and if it's a question whether we can prove knowingly and if the applicability of the act depends on that, then I'm saying we can prove it. So basically, you're really alleging something that is narrow and more stringent in the state statute, because you have to comply with the federal statute. If we have to comply, if we have to in order to comply with PLCAA, it's right there on the complaint, Your Honor. Do you have to or not? I don't think so, Your Honor. What I think is that the debate in Congress, and I'm very conscious of the meaning at the time, and it needed for the constitutional arguments too, but I think the debate in Congress, one of the things it focused on was the perceived questionable legitimacy of bringing these kinds of suits under common law theories that have been promulgated by members of the judiciary alone and never sanctioned by the elected representatives of the people. But wait a minute. The answer to Judge Reinhart's question has to be yes, the statute says so. You can't survive under the PCAA unless you do that. I mean, you have to allege and prove knowingly. I agree, Your Honor. You're correct. All right. I agree. All right. Conversely, reading legal versus medtronic, the Supreme Court case, and its predecessor, medtronic versus law, are you familiar with those cases? Vaguely, Your Honor. All right. Well, law actually has a discussion of the term applicable. Are you aware of that? Vaguely, Your Honor. Why doesn't that discussion cut directly against your position? I'm not sure, Your Honor, and maybe I'd be able to tell you on rebuttal. But I think that there is the help of the Supreme Court jurisprudence on such terms, including the decision in Morales v. TWA by Justice Scalia on the term related. That's not this language. And this language, applicable, is in the statute and the regulations and law. And although the opinion doesn't really discuss alternative constructions, it's perfectly comfortable with the construction and the regs. And the construction and the regs was that had to be specific, not general. Well, there may be some difference that was owed to the relevant... Well, that's true. But if it's plain words, it's plain words. Frankly, I was fairly convinced by your plain words argument until I saw this, which seems to be very comfortable with regarding applicable as quite specific. Well, Your Honor, I think that you take the plain words of the statute in the context of the entire text of the statute. And I also think that... If you did that, I would consider it an ambiguity that takes us back to the discussion on the floor of the Congress. In other words, if Judge Bertham's reading of applicable is just as reasonable as yours, that is an ambiguity. Well, Your Honor, I think the language of the text is what controls. Again... Well, put it another way. Even if I would read applicable the way you do, but the Supreme Court hasn't. Why isn't that, for you, an ambiguity? If it does create an ambiguity, then I would again go back, and I do need to sit down, if you'll let me, because we do need to reserve some time for the constitutional points. I would again go back to the policy of the statute as enunciated in Section 7901 itself. This is not something that's an individual floor remark. These are the congressional policies behind the act. The findings of Congress. I'd like to suggest an example to you, an example that's given in 79035A, which I never can pronounce it, but for example, it would look at the kind of violation of a statute that would be similar to the kind that are stated here in the statute, and the public misses the doctrine is not similar. Well, the statute says including. It doesn't say limited to, and as we discussed in our principal brief at pages 22 to 24, the violations described there in those examples, including, are examples that include violations of statutes that do not mention firearms, that do not mention firearms marketing or sales. But they deal directly with regulation of sales and marketing. Well, one of them is the false statement statute that's commonly used in gun prosecutions. I think you'd be hard-pressed to say that they directly, that statute directly regulates firearms and marketing, except in the sense that it is applicable to it. So again, I think the policy of Congress was that there should be deference to the will of the legislature. So this court has held, and under the legislative enactments under which this suit was brought, those sections are applicable to these claims. This court held that in a letter once. Didn't use that language, but that's what we take the holding to be. Unless there are further questions, I'd like to turn it over to my colleague. Pardon? No. Good morning, Your Honors. I'm Sarah Weaver. I just can't resist responding to one of those issues. The statute says knowing violation of a statute applicable. So the knowing violation actually describes the nature of the conduct at issue. The Congress did not choose to say the violation of a statute that requires the knowing, that has a knowing intent requirement. And the knowing violation describes the conduct at issue. That you do have to therefore prove a knowing violation. That if the statute is applicable to this case, we have to prove a knowing violation. And that the statute itself doesn't require a knowing violation. And if the statute itself doesn't require a knowing violation under this TLCAA, we would still have to prove a knowing violation. So therefore, the cause of action that is allowed to go forward is much more stringent than the one that the statute itself creates, because the statute itself will allow negligence. And the federal statute does not. And that that, therefore, accounts for most of... I mean, that seems to me to eliminate the argument that the exception eats up the overall federal statute as you construe it. Because, in fact, there's a fairly narrow set of causes of action that we're allowed to go forward because they have to be knowing. That's right. You could have a state negligence claim that doesn't... isn't required to be stated with a knowing violation. But if, in fact, the plaintiff stated it with conduct of a knowing violation, as we have here, then it would both meet the negligence standards under state law, and also would meet the standards set by the TLCAA. And Congress apparently intended to apply a higher scienter requirement than what might be found... And that could also account to some degree for the identification of this case in the congressional history, because the history is going on about its concern for vicarious liability and negligence cases and recklessness cases, and may have understood this one to be one because it is a set of statutes that are articulated that way. That's right. It could simply be that the members of Congress didn't understand what was alleged in the complaint. Or not only that. You really didn't have to prove what was alleged in the complaint, unknowingly part, previously. But now you would have to prove it. If the TLCAA is applicable to our claim, then yes, we would. Essentially, the cause of action has been changed by the federal statute, from what it was at the time that... No, I don't think it changes the underlying substantive laws. It can't, because Congress can't amend state law. It does require that in a state law claim, that in order to pass muster under the TLCAA, you have to have a non-violation. It doesn't change the state law claim, but it changes what you have to prove in order to make out your state law claim and not get that preemptive. It changes what we have to prove in order to make out a claim that survives the TLCAA. And knowingly, you mean to me that you have to be aware of the conduct you're committing? You have to do the conduct deliberately? Well, there are statutes that contain, for example, the Consumer Product Safety statute contains the words knowingly or willfully. So there's a distinction between willful and knowing. But knowing is higher than what we think of as just the general negligence standard. So it is a knowing, reckless, willfully reckless disregard. Those are the kinds of terms we hear in conjunction with the term knowing. I'd like to just move on to the constitutional issues for fear that we don't get to address them. I understood an earlier comment to focus on the issue of whether this Act is preemptive. We contend that the Act violates the principle of In re Cline and the response has been no, this law just changes the underlying law. But I think if we look back at In re Cline, we can see that if there ever was a statute that fit within In re Cline, it is this statute. In In re Cline, the President had given a series of pardons that became increasingly liberal. Along the way, there was one set of pardons that required a person to admit that they had aided or is the rebellion, but then take an oath of fealty and maintain that oath. In the Paddleford case, the court said that the evidence of that type of pardon and the evidence of maintaining the loyalty oath was evidence that the person had not aided the rebellion, was therefore entitled to return of the value of his confiscated property. The Congress then passed a law that, in the court's view, mandated a rule of decision in a case already pending before the court. What the law in Cline did was require the court to apply a conclusive presumption and to say that the type of pardon that was at issue in Paddleford conclusively presumed that the person had aided the enemy and therefore was not entitled to confiscation. Actually, all that the law required the court to do was to assume it as a conclusive presumption and then the court lost jurisdiction of the case. But it's what the court said in the Paddleford case about that law that is so suitable here. The court explained that the court had jurisdiction of the matter to a certain point, but when it ascertains that a certain state of things exists, its jurisdiction ceases and it is required to dismiss the case. So, like the statute in Cline, the PLCAA is not a change in the underlying law. It simply requires the court to ascertain whether the characteristics of the lawsuit in front of it are the same characteristics as the subclass of cases that the Congress has decided to slap the label of qualified civil liability action on. If it has the characteristics... In Cline, was the statute applicable only to pending cases or was it also applicable to any cases filed in the future? It was applicable to pending cases. Only pending cases? Yes. But that's not true here. But this has two parts. It's applicable to prospective cases and it's applicable to pending cases. And as to its specific applicability to pending cases, it does exactly what the law did in Cline. It says, court, look at this lawsuit. Does it have these characteristics that we have called a qualified civil liability action? That doesn't create a new class of lawsuits. It just says lawsuits with these characteristics are this. But it does... the statute creates a whole new class of lawsuits and says this kind of lawsuit isn't to go forward in federal court. Now or later. That's just stripping the court of jurisdiction. That's exactly what happened in Cline. Has it got these characteristics? You don't have jurisdiction. Your rule of court is only to ascertain are the characteristics described here matching what we say in the statute? If so, you lose jurisdiction. In fact, Cline was even less masquerading as a jurisdiction-stripping statute because at least it had this conclusive presumption that it should. To me, frankly, looking at all the post-Cline cases, which tend to recline pretty narrowly, the big difference with this case, and I don't know whether this applies to Cline itself, it probably does, is that it's not a prospective injunction case. It's a retrospective damages case. And I'm wondering whether that makes a difference. In other words, in the various cases in which the law was changed and they said, well, as long as you're changing the law, that's okay, like Plowd and Robertson in those cases. Those were all cases dealing ultimately with the ultimate relief in the case, I believe, was always prospective. That's not true here. And that seems to me to be the strongest thing about your case. Well, that may be also a distinction, but all of the cases that have been cited by the intervener and by the defendants, they either involve federal law, where Congress changed the underlying federal law, or they involve something like a statute of repose, which is not the same as what has occurred here. And they don't involve a case in which Congress has said, court, just look at the characteristics of the lawsuit in front of you. If it matches what we say is a qualified civil liability action, you lose jurisdiction. That's a jurisdiction-stripping lawsuit. Tell me why Robertson, for example, is not the same. Robertson is a case arising under federal law in which the Congress had changed the standards that were to be applied to this environmental issue. The difference between changing the standards and saying essentially there is no standard is a black hole. There's no such case. Well, that's not what happened in Robertson. I understand that, but that's what happened here. That's what you're saying. That's right. And that brings us to the second problem, which is the due process problem. We've got a lot of dispute about, is this a vested property interest? Is this a, what kind of interest is this? It doesn't matter. We know under Logan, we know under Hammond, that a protected property interest, a cause of action is a protected property interest. That's the language that those cases use. What does that mean? Protected by the due process. Counsel? Yes. It sounds as if Congress could never raise the bar as a substantive matter on any issue, and then make it retroactive to pending cases. And that wasn't really the law either. Well, the... Congress was entitled to make it more difficult for any different kind of lawsuit to make a higher standard or a different standard for achieving relief, and make that retroactive. Well, the cases in which Congress has done that, involving federal laws, don't present the same problems that are presented here. And there... No. No. No. We have what is negligence law and what is public nuisance state law. This law doesn't... Let me ask you a question. Let me ask you again. Is it not true that Congress has the ability, the authority, the constitutional authority to make it more difficult to win any certain substantive kind of case, and to make that not only prospective, but to make it a part of the kind of cases in the country? Is that correct? It is correct that Congress can do that in certain ways, but it cannot do that by simply telling the court, look at the lawsuit in front of you. If it has these characteristics, you must dismiss it. I don't understand that, because to take Judge Graber's question, if Congress were to... If the standard was X, in other words, you need to prove X, and now Congress comes in and says, no, in fact, you need to prove Y, and Y is more difficult to prove than X, and you can't prove X, Y, you can only prove X, then the consequence is going to be that your case is dismissed. So how is this different? Well, it is different because the Congress has not said that there's this different set of standards. Oh, sure it has. No. No. It said exactly as it said in Klein. If there are these characteristics, you apply this conclusive presumption. But what I'm saying is when you change the substantive standards, you're saying the same thing. You're saying if you can't meet new standards Y, you have to dismiss the case. And if Congress had set up a set of new standards, that would be the case, but that is not what the court did here. The court said, look at these... Well, it essentially did, to go back to the statutory argument we were having before, and this knowingly provision, for example, if you understand that exception the way I do, then essentially what Congress has said is, well, you used to be able to prove your case with negligence, but now you have to prove it with more than negligence. What Congress has done is it said, if you have a case before it that has these features and not these features, you must dismiss it. And it has said that this is going to happen retroactively to pending cases. I'd like to move on to the due process argument just for a minute. Another minute is... Okay. If it's a protected property interest under the due process clause, then it's entitled to due process. We look at the continuum. What is this? It's an accrued and pending clause of action. Does it matter in your theory whether it's accrued and pending or just accrued or not even accrued? In other words, is the pending central to your property argument? Well, it is an essential attribute of this case, particularly with respect to the Klein issue. I understand that. That's not what I asked you. It is in this case, because in this case, this court has already made certain determinations about the word pending. That's what I'm trying to ask you. Suppose you're the next case. In other words, the legal's already been decided by this court and you're Miss Smith who has a very similar problem. And the facts have already accrued for her before the PCLIA is passed. Does she still have the same property interest or not? Well, I think I lost you in that, but I think what I'm saying is that in this case, it does matter that it's pending, because we are... No, the question is not whether it matters in this case. The question was if you had a case that wasn't pending at the time the act was passed, then what? Then there would be a different due process analysis, because due process is on a continuum. We know that from the cases. The level of process that is due is going to depend on attributes of the claim in front of you. Okay, but comment for a minute and tell me why it matters whether it's pending. How the due process analysis will differ depending on how far along, how far invested in the claim the plaintiff is. Has the plaintiff filed a lawsuit? Has the plaintiff spent money? Has the plaintiff prosecuted the lawsuit? All of those things are Matthews v. Eldredge considerations on how to evaluate what process is due. That's under the procedural due process. I'm afraid we're going to have to stop this. We've gone 12 minutes over. I'm sorry, Your Honor. Thank you very much. It's not your fault, but we could go on all morning with this case. I wish we could, but we have another five cases here. All right. Thank you, Your Honor. Thank you. Good morning, counsel. Good morning. May it please the Court, I'm Thomas Byron from the Department of Justice here on behalf of the United States. The government intervened in this case to defend the constitutionality of the Protection of Lawful Commerce and Arms Act. We've not taken a position on any of the questions of statutory interpretation or its applicability to this case. I'd like to the first five minutes just to address the constitutional questions. I'd like to begin by emphasizing what Congress did here. Judge Person, as your question earlier suggested, this is ultimately a question of preemption. Congress here acted pursuant to its Article I authority under the Commerce Clause to regulate incidents of interstate and foreign commerce. The statute is narrowly tailored in that respect. It specifically applies only to cases involving actual firearms or ammunition that were shipped in interstate or foreign commerce. So there can be no serious question, but that Congress acted pursuant to its Article I powers here. Having done so, federal law under the Supremacy Clause of the Constitution preempts contrary state law. And that preemption here is dictated expressly by extinguishing contrary state law causes of action. And it does so by directing that those extinguished causes of action can no longer be the basis for either a new or a pending case. And that any pending case, therefore, must be dismissed. There's nothing unusual about that. There's nothing unconstitutional about that, certainly. And I'd like... It's important that in some cases, and maybe this is more, my concern is more melding into the property interest problem than to the separation of powers problem. Because as you suggest, I mean, this case is in a terrific state on separation of powers, because in fact, if anything, it's a federalism problem. I mean, it doesn't seem... But what troubles me about the case, and I don't know quite what hole to put this in, is that the various cases in which pending causes of action have been changed or extinguished tend, I believe, in a quick survey to deal with future relief. And I would like some examples of cases in which you have a cause of perspective relief. One immediately comes to mind, Your Honor, and that's consolidated atmospheric testing. In that case, the statute directed that in pending cases or future cases, that the United States be substituted for private contractor defendants. And those were damages cases. And they were then to be governed by the Federal Court Claims Act. But it didn't eliminate the cause of action. Well, actually, Your Honor, that certainly was the government's position in that case. And it was right as a technical matter. But bear in mind that the plaintiffs certainly disagreed. The plaintiffs took a position in that case that it did abrogate the statute. I know it took a position, but they're lost. Well, to be fair, Your Honor, the court, the Ninth Circuit in that case, analyzed it as if it were an abrogation, as well as determining that it had not been, just to be complete. And I can provide the page citation if the court wishes to that point. But the key is that when Congress acts to raise the bar, as I think Judge Graber's question put it, in pending litigation, it can do so either by creating a new substantive standard or by eliminating a substantive standard. To back up for a minute, certainly a pending, at least a pending cause of action and perhaps an accrued cause of action, although probably not a possible cause of action in the future, is in some sense a property right. Well, the Supreme Court has said that it is a species of property. But it has also made clear that for Fifth Amendment purposes, it is not a vested property right. Okay, but it's a property right. It can be bought and can be sold. It is bought and sold all the time. To be sure that there are willing buyers and willing sellers, that that does not give it constitutional protection. And that's ultimately the constitutional question that has to be addressed. And this Court in Lyon, in Consolidated Atmospheric Testing, in Grimesy, and the Supreme Court as well, have all consistently held that there is no vested interest in a rule of law, in a rule of common law or statutory law. It can be changed. That's certainly true before cases, just when it's in the atmosphere, right? When the rule of law is in the atmosphere. I really do have a great deal of problem with the notion that people who have, I mean, if you talk about investment backed expectations, they have paid lawyers to bring a lawsuit based on existing law. And it seems to me that when you're governing future action, you're in a different world because still, they're still trying to deal with, if you're trying to deal with the future and the law for the future is different, then you lose. But when you're trying to deal with the past and you've brought a lawsuit and paid lawyers to do it, I have a hard time understanding why this is any different than any other deprivation of property. Precisely because it's not a vested property right, Jennifer is on. And that distinction is key to this Court's repeated and emphatic statement that though a cause of action, whether accrued or pending, but not reduced to final and unrevealable judgment, is a species of property, it is not accorded constitutional protection until it is a vested right. And that it is not in this context. Well, it is accorded some sort of constitutional protection. I mean, if... Well, that's right. But the nature of that protection, and let's turn then to the specific process arguments that the plaintiffs raised, comes in two flavors. First, procedural due process. And the plaintiffs here received all the procedure they were due in two forms. First, and most obviously, the district court, as he explained in a...as the Court explained in a footnote, gave ample consideration to the argument about the applicability as well as the constitutionality of this statute. It cannot be said that they lacked procedure at all in the case itself. Secondly, though, the Congress considered the costs and benefits of allowing this kind of litigation to continue. And Congress itself, in adjusting those economic incidents and accommodations, has considered and given the process that was due here. Now, turning to substantive due process. Substantive due process is also, of course, something the plaintiffs can and have invoked. And in doing so, they're entitled to review by the court below, in this court, under the rational basis standard. And the question is whether Congress, under that standard, has rationally sought to accomplish a legitimate goal. And here it did, just as in Pierce County, where Congress concluded that something indirectly harms interstate commerce, Congress can regulate that indirect harm. And it's done so here by extinguishing state law costs of action. So, I think there's no doubt. We're not arguing the Constitution doesn't apply. We're arguing that the presumption of constitutionality that is afforded to economic regulation, which this is, dictates rational basis review, and that is readily satisfied here. If the Court has no further questions, I notice that I've gone over the five minutes that we've allocated, and I hope the Court will give a bit more time to defense counsel. Thank you. Good morning. So, we'll give you at least your full 15 minutes. May it please the Court, my name is Christopher Renzulli. I'm here on behalf of the RSR entities and Glock Inc. You're on a reference to 15 minutes. There also is one other counsel arguing on behalf of the appeal by China North. I'm here today to discuss the dismissal of this action on behalf of RSR and Glock Inc. I know the Court is well aware of the facts of this case, but I just want to point out two quick facts. RSR did not sell any of the firearms. It doesn't matter. I mean, at this point, it doesn't matter because that's not the issues before us, and it's really a deflection. The reason I was going to point out the facts of the case is because I think that that was the impetus of one of the driving forces for the enactment of the PLCA Act. Yes, but for the same reason, that doesn't matter. I mean, they may have, if your facts are true, then eventually your clients are going to win. Thank you, Your Honor. The goal in statutory interpretation, obviously, is to discern the intent of Congress in enacting the statute. So I would argue that it would be absurd to interpret the PLCA as permitting to proceed through an exception, one of the very lawsuits that promulgated the passage of the PLCA. Well, but wasn't that my observation, that in fact the PCLIA has altered that? I mean, if you read, at least the way I'm reading it, and perhaps the way the plaintiffs are reading it, the PCLIA essentially changes that statute, that lawsuit, by saying that it can only go forward if they can prove that the activity was knowing, even though the underlying statutes don't have that requirement. Therefore, the, and I do think that the legislative history is rampant with the major concern being vicarious liability, negligence, recklessness, and so on, but not a cause of action that depends on proof of knowing conduct. Okay, and I think the terms knowingly were there pursuant to the findings and pursuant to the purpose to limit these lawsuits. Exactly, to limit the exception so it doesn't swallow the role, as you're alleging it does. Absolutely, but I think the knowingly applies to statutes which exclusively concern the sale of markings. All I'm saying is that you're swallowing the statute argument is overblown, so now we can go on to the actual wording. It isn't true that read that way it would swallow the affirmative prohibition, it would not. Okay, I would respectfully disagree, and I would say by looking at the statute as a whole, that it does not apply to statutes of general applicability. If you look at the findings, and if we look at the purposes, we would argue, and it's our position, that we're talking about statutes that apply exclusively to the sale of markings. Well, isn't it meaningful and matter that that word isn't there, exclusively isn't there, specific isn't there, no limitation on applicable is there? You're putting something in that isn't there. I agree that those words are not precisely in that portion of the statute, but we all know that... What do you mean, they're not precisely in the portion of the statute? I think that if you... They're not in that portion of the statute. I apologize. I think that if you look at the act's shared findings and purposes, if you look at the overall statutory scheme, if you look at the legislative history, I think they could be read in there. But you're reading it in, that's my point, you are reading in something that is not there. I think that it is there, I think that it is clear, and I think applicable to... The words aren't there, you know, you may try to say that the concept you read in, but the words, at least we can start with the agreement that the words are not in the statute. Absolutely, Your Honor. Okay. Absolutely. You said it at first, they're not precisely in that portion of the statute. Now we're getting down to the words are not in the statute. Okay. Those specific words, I'm sorry, those specific... I think Judge Graber has a question. No, I said Judge Graber has a question. This is the right time. Does your position depend on our concluding that the term applicable is ambiguous, in that it could mean, could be applied to, or it could mean applied specifically to, does your argument, the success of your argument depend on the term applicable being subject to either of those interpretations, either of which have some words in the statute, but different words? It's the position of my clients that the statute is clear, and that the plain meaning of applicable to would include statutes that are exclusively those that concern the sale or marking of firearms. But either way, even if the court would determine that the plain meaning of applicable to was capable of being applied, it shouldn't apply the plain meaning because that would thwart legislative intent, that would thwart the findings, that would thwart the purposes of the act. Well, in fact, I see that both counsel have a reasonable interpretation of applicable, which to me makes it seem so reasonable that it makes it ambiguous, and I don't know whether that helps you, hurts you, or is it any different to your position. Well, Your Honor, it would be my position that whether or not it's ambiguous is ultimately irrelevant. It will cause the tools of statutory construction used to define the ambiguous terms compel the same conclusion, and that conclusion is that the predicate exception requires more than a statute of general applicability. So, at the end of the day, we're in the same spot. Your Honor, did I adequately answer your question? I'm not understanding what you just said because, at least under current norms of statutory interpretation, which are rather stringent with regard to plain words, if it's not ambiguous, and it means what the plaintiffs say, it means you lose, no? Okay. I think this Court has said it on a number of occasions, even where the plain, even where the words are plain and ambiguous, unambiguous on their face, the Court may still look to legislative histories to see their... Well, actually, we haven't said it very recently, and that isn't the current mood, even though maybe it should be. Okay. I believe in 1993, the Court indicated that under the established approach of statutory interpretation, we rely on the plain language in the first instance, but we always look to legislative history to determine whether there's a clear indication of contrary intent, and I believe that that should be applied here, if the Court finds that the words are... Well, all right. Let's talk clear about the legislative history. The legislative history. The legislative history, if we go back to the legislative history, we've got the language, the words of the sponsors, the language, the words of the Congress that indicate that this was the exact lawsuit that they intended to have dismissed by this action. In their findings, they talked about... I explained to you, this statute would, in fact, alter this lawsuit. It would substantially change the nature of the lawsuit, because it would require that it couldn't go forward on the state statutes alone. It would be an added requirement that isn't in the state statute that is proving knowingly. I accept that, Your Honor. However, I point out that the knowingly would have to not be in relation to statutes like 1714. It would have to be statutes that are exclusively for the sale and marketing of firearms. Statutes that are throughout the PLCAA... But I'm simply countering your notion that by mentioning this lawsuit, they necessarily meant that any incarnation of this lawsuit would have to be dismissed, as opposed to an altered incarnation of this lawsuit, as influenced by the new statute. Absolutely. They would have to allege a knowing violation of a statute that applies exclusively to the sale... Well, that's your view, but all I'm saying is the legislative history doesn't deal with that. The fact that I mentioned this lawsuit doesn't get to the level of specificity that you're now dealing with. Well, let me ask you a question. This lawsuit, before there was any act of Congress, didn't this lawsuit allege a knowing action or a knowing violation or wasn't knowing a part of the lawsuit originally? There is some language about knowingly with regard to negligence and with regard to nuisance. This court has not passed, the Ninth Circuit has not passed on... I don't know what the Ninth Circuit said. I'm asking what the complaint alleged in the lawsuit originally. Was there any element of knowingly in the original lawsuit? There is some language of knowingly in there, but... It's in there, but it wasn't necessary to the statutes that were planned, so they could have gone forward and won their lawsuit without proving it. It's there, but not with regard to the statutes that were planned. That's all I'm asking you is when looking at what Congress was doing and when talking about this lawsuit, weren't they talking about a lawsuit that alleged knowingly? Yes, they were, but superfluously, unnecessarily. Well, what Congress knew is whatever it is. Well, we do know what Congress thought the purpose of the act was, and it was to protect the lawful manufacturers and sellers of products that functioned as they should by someone who criminally misused them. This firearm was sold by Glock to a law enforcement agency. It was misused by Furrow. Furrow did a heinous act, and Furrow is behind bars for the rest of his life. So, they looked at those facts. They looked at this case. This case had been up to this court previously before Congress looked at the PLCAA, and they said this was the exact type of predatory lawsuit that they wanted to get rid of. They wanted to extinguish it. All of the statutes that are referenced in the PLCAA apply exclusively to the firearms industry. There's the Gun Control Act of 1968. All of them, it means two of them, and there are obviously a lot more that they had in mind. Okay. With all due respect, there are a number that are referenced. There's the National Firearms Act, there's the Export Control Act, and then... But those aren't referenced in the exception. I'm sorry, those are... I'm talking about in the exception. Absolutely. Those are in the findings, but in the exception, they all reference a conduct that applies exclusively to sale and marketing of firearms. To whom, where, when... Your opponent says that isn't so. They say that the false statement statutes and so on don't apply exclusively. They all have to have an underlying basis, and the underlying basis would be that someone violated the statute in selling a firearm, didn't fill out the 4473 form correctly, was not permitted pursuant to state law to sell an automatic firearm. Something like that would be underlying general claims of fraud. What... Is your understanding of the way you're considering applicable, are you saying that it needs to be exclusive or it needs to be specific? They're not the same. In other words, for example, currently the amendment to the state nuisance statute, I think, or one of the two state statutes, now specifically says it applies to firearms, right? Is that good enough? No, it can't. Like the 1714? Yeah. It specifically applies to firearms. Why isn't that good enough? That was just to let everyone know that they're not exempt, that the firearms community is not exempt from the duty to use ordinary care in what they do. So it specifically applies to firearms, so why isn't that good enough? I apologize. It specifically references firearms, but it's not a statute that applies exclusively to the firearms... So your argument is that specificity isn't good enough, it has to be exclusive. So here's a statute that says anybody who buys firearms, you know, cigarettes or something else has to do why that's not good enough because it doesn't apply exclusively to firearms. If the statute said that anyone who buys firearms, if the legislature came out and said anyone who buys firearms has to be 18 years old... Anybody who buys firearms, cigarettes, or alcohol has to be 18 years old. No, I would not make that argument. I would say that that would fall. How is that different from 1714 as amended? 1714 is just a general duty of care, and it says that the firearms industry is not exempt from a general duty of care. It says people who sell firearms and everybody else have to do it. Just take the fact of the conversation about violence. Whether a statute creates a general duty of care, not only would you like to say something recent to that, but it's not the kind of statute or law that we would normally say something violent. Isn't that in part the answer to this issue? It has to be both, in your view, even if it's specific rather than exclusive, it still has to be the same. I think that something would be thought to violate rather than just have to not live up to a higher standard of care. I would agree, Your Honor, and I think that the word violate does give that idea. So, it would then apply. You would violate a statute. That would be one that specific to the sale and marketing of firearms, not just the statute of 1714, which requires general duty of care, and with the repeal of 1714.4 and the Merrill case and the response to the Merrill case at the Supreme Court, the legislature found it necessary just to let everyone know that the firearms industry was not exempt from a duty to use ordinary care. If we allow... Given the timing of this lawsuit with respect to the Merrill case, didn't the events that led to this lawsuit happen before the California legislature amended the statute to tell people that firearms infections are not exempt? That's correct. What effect does that have on our analysis of state law? What was the state of state law at the time of the events in court? Well, I think, as Judge Collins pointed out, either iteration of 1714, either one falls within the predicate exception here. If we didn't think so, then we would have to consider the retroactivity of the amendment, right? And whether the amendment was intended to clarify or add something new. Anyway, we're getting towards the end of the attorney. I would like to, with the remaining time provided to co-counsel here who represents China North. If there are no further questions, I appreciate your time. Good morning, and may it please the Court. My name is Charles Dick, and I have the privilege this morning of appearing briefly on behalf of China North Industries. There are just simply three points I would like to make for the Court's consideration. The first is that in spite of the lengthy discussion we've had this morning already about admitted ambiguities within the statute, there is no controversy in the briefs or in the positions of the parties with respect to what the statute says in pertinent part regarding the applicability of this act to China North. Everybody agrees what the statute says. Everybody agrees what those plain words mean, and we submit to the Court that the Congress in this statute said what it meant and meant what it said. Now, it is suggested subjectively that because the consequences of that plain reading are not in accord with the position the plaintiffs would like to advance, that subjectively the statute can't possibly mean that, that that would be an absurd result, and we are charged with a hyper-formalistic interpretation of the statute. It's a little bit like diagramming a sentence and not liking the consequences of what the sentence says. This is, we submit, a fallacy of ridicule. The second point I'd like to make for the Court's consideration. Your plain words argument depends entirely on the notion that a qualified product doesn't refer back, and then if it's a not qualified product, it would refer back. That is what English would suggest would be the correct way to say it, if that's what was intended. Now, circular reasoning enables us to say, well, since that isn't what was intended, there must be an ambiguity in the statute, and because there's an ambiguity in the statute, then we can look to confirm whether there is some indication of a nexus between who is a person who is subject to the provisions of the Act, and what is a product that would be subject to the Act. This is a fallacy of assumption. If one discards these fallacies, the third point I want to make is that the Congress is entitled to say what it means and mean what it says. Now, that may not be the result that reasonable people might conclude would be good public policy, but the Congress is entitled to say what it means and mean what it says, and if, in fact, this is a result subjectively reasonable minds might conclude is bad public policy, then it is up to Congress to change it. Were there to be an ambiguity, which we do not consider... Well, if we were to read this literally, we would say that anybody who brings a civil action against a trade association for damages resulting from the criminal use of a qualified product, even if the trade association had nothing to do with the qualified product or wasn't a trade association, got the qualified product. I mean, in other words, if you're really going to read this qualified product as not being connected to the defendant, then you're going to have all manner of peculiarities. Your Honor, I didn't suggest that there's no relationship. The language of the statute suggests that the trade association, which is a defined term... But it's not defined as having anything to do with a qualified product. The trade association has to be involved with or being sued for a qualified product. Well, that's what the statute says. No, it doesn't say that. It says the term trade association means any corporation, I don't know, for a product, et cetera, et cetera. It doesn't say it has anything to do with a qualified product. The definition of trade association... I just read you the definition. It's correct, Your Honor, but the statutory provision is only applicable if the trade association is being sued for a qualified product. Exactly. There has to be some connection there. That's correct. Even though the statute doesn't say that specifically. The statute makes that connection to say that one is being sued because one who is... for whom the statute is applicable is being sued because of something having to do with a qualified product. The statute clearly evidences the fact that the Congress knew how to use the definitive article when it chose to do so, and it couldn't have said that qualified product or the qualified product if it had wanted to do so. Even if there is an ambiguity, Your Honor, and even if, therefore, we are entitled to look at legislative history, the only evidence of congressional intent on this point is that the Congress intended that this lawsuit apply to this particular... that the statute, excuse me, apply to this particular lawsuit. We submit, Your Honor, while incorporating by reference previous arguments of counsel with respect to confidential constitutionality... The statute does have to apply to this lawsuit, but it doesn't... that doesn't tell you what happens when you apply the statute to this lawsuit because in order to do that, you have to read the statute and see how it applies to the lawsuit. The court is correct. I understand that point, and I'm simply not trying to repeat the arguments that previously have been made on that point, but rather to incorporate them by reference. With that, Your Honor, my remarks are concluded. Thank you, Judge. Governor, may we have two seconds for any kind of rebuttal? Yes, Your Honor. Thank you. I just want to address the due process issue again. The... Two seconds? Yes. Two minutes. Did I say two seconds, Your Honor? Two seconds. Okay, two minutes. The government has admitted that a cause of action is a protected interest, the protected property interest under Logan and under Hammond, and that means it's entitled to due process treatment. Due process treatment guarantees preservation of a substantial right to redress by some effective procedure. In Hammond, the court said there was no denial of all access to any process for redress because this law substituted the federal tort claims act remedies with the prior tort remedies. So there was not a complete denial of all access, and only rational basis scrutiny applies. But this is a case in which there is no alternative form of procedure available to plaintiffs. They have been denied... Did you ask the district court for any opportunity to amend the complaint to conform or to state your claim in a way that might meet some of the opposing counsel's objections in terms of what such a lawsuit has to say in order to be... We rested on the complaint, and the complaint includes in the first paragraph a violation that the defendants knowingly violated... No, what I'm saying is that if this law applies to these plaintiffs because this court determines that it's applicable to this lawsuit, then the result is that this lawsuit must be dismissed. In Hammond, in atmospheric testing, in all of those cases, none of them involved the eradication of common law causes of action or statutory causes of action based on common law of a state that took away all alternative remedial procedures. The cases are clear. Gibbs v. Zimmerman established due process guarantees the preservation of a substantial right to redress by some effective procedure. And the court held in Poindexter v. Greenau that to take away all remedy for the enforcement of a protected interest is to take away the interest itself. We're not talking about the protected property interest in the cause of action. We're talking about these plaintiffs' right to redress their liberty and life interests through the state tort law. That's a much harder argument and a much broader argument. You're suggesting that, even as applied prospectively, this is a due process violation. Well, as to these plaintiffs, it takes away all effective procedures for asserting those rights. What about for somebody if the same thing happened tomorrow? There is no case that these defendants have cited that involves an accrued common law cause of action. But the way you were just articulating it, accrued had nothing to do with it. Well, but an accrued cause of action is what state law recognizes as a vested property right. So that's why I have used that term. But if a cause of action hasn't accrued, then it just falls under the rubric of a rule of law. You have no vested interest in a rule of law, no vested interest in a remedy. There hasn't been an injury yet. All the question is, do you have a vested interest in the remedy? No. Do you have a cause of action that's accrued? Yes, you have an injury. You have a right to redress under the rule of law, but you have a claim that has accrued substantively under the rule of law that existed before. If you're denied all redress, you're essentially denied that right. So we're asking today, can Congress simply take away state tort law remedies and not replace them with anything else, where those remedies are effectuating the state's decisions about the liberty and life interest of their citizens and how those are to be protected? That's what this is about. There's one common law case that these defendants have cited, and that's the Lyon case. In the Lyon case, the court... All right, we've now gotten two seconds. Okay. Five minutes. That involved a statute of recourse and a cause of action that's accrued under the statute of recourse. Thank you very much, all of you. The court will stand in recess for a brief period, and then we will return with a new panel.
judges: Reinhardt, Graber, Berzon